UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE F. RODRIGUEZ, | ) | Case No. CV 07-2152 PJW |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), finding that Plaintiff was not disabled between December 9, 2004, and June 28, 2006. Plaintiff contends that the Administrative Law Judge ("ALJ") erred at step five when he determined that Plaintiff had the residual functional capacity to perform the jobs of cleaner, toy assembler, and hand packager--all of which, according to Plaintiff, require frequent reaching at and above shoulder height--because Plaintiff is unable to reach that high.  Because the Agency's decision that Plaintiff was not disabled during this period is supported by substantial evidence, it is affirmed.

Once a claimant has met his burden at step four of demonstrating that he cannot perform his past relevant work, the burden shifts to the Agency at step five to establish that the claimant is capable of performing other jobs. 20 C.F.R. §§ 404.1520(f)(g), 404.1560(c); see *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). This burden can be met through the use of a vocational expert. See 20 C.F.R. § 404.1566(e); see also *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

The existence of other jobs may be established by taking notice of reliable job information contained in various publications, including the *Dictionary of Occupational Titles* ("DOT"). 20 C.F.R. § 404.1566(d). The DOT is a presumptively authoritative source on the characteristics of jobs in the national economy. See *Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001). Nevertheless, the DOT is not the sole source for this information and the Agency may rely on the testimony of a vocational expert for information on jobs. *Johnson*, 60 F.3d at 1435. But, where the vocational expert's testimony differs from the DOT, he or she must provide a persuasive rationale supported by the evidence to justify the departure. See *Light v. Soc. Sec. Administration*, 119 F.3d 789, 793 (9th Cir. 1997).

Here, the ALJ found at step four that Plaintiff could perform light work but could not, among other things, reach or work at or above shoulder level with either arm.[1] (AR 19.) With these limitations in mind, the ALJ determined that Plaintiff could *not* perform his past relevant work as a heavy equipment mechanic. (AR 20-21.)

---

[1] Plaintiff does not challenge this determination.

1    At step five, after noting that Plaintiff's additional non-
2 exertional limitations precluded the use of the medical-vocational
3 guidelines (or "Grids"), the ALJ obtained the testimony of a
4 vocational expert. (AR 22, 456-66.) At the outset, the ALJ advised
5 the vocational expert that, "[i]f any opinion you have or express
6 differs in any way from what is provided in the *Dictionary of*
7 *Occupational Titles*, please note any such differences and your reason
8 for having a different ... opinion." (AR 456.) The ALJ then asked
9 the expert whether an individual with the same limitations as
10 Plaintiff could perform any type of full-time work. (AR 458, 460.)
11 The vocational expert testified that such an individual could work as
12 a cleaner, toy assembler, and packager. (AR 463.) After Plaintiff's
13 counsel then sought to introduce additional neck and spine limitations
14 in a hypothetical question to the expert, the ALJ posed a new
15 hypothetical question incorporating those limitations. (AR 463-65.)
16 The vocational expert testified that an individual with those
17 additional limitations would still be able to perform the three jobs
18 he had previously identified. (AR 466.)

  In finding that Plaintiff was not disabled between December 2004
20 and June 2006, the ALJ relied on the vocational expert's testimony
21 that Plaintiff could perform work as a cleaner, toy assembler, and
22 packager. (AR 24.) Plaintiff contends that this finding was in error
23 because these jobs require frequent reaching at or above shoulder
24 height, which Plaintiff cannot do. (Joint Stipulation at 7-9.)
25 Plaintiff points out that the *Revised Handbook for Analyzing Jobs* and
26 Social Security Ruling 85-15 describe "reaching" as "extending hand(s)
27 and arm(s) in any direction," and "handling" as "seizing, holding,
28 grasping, turning or otherwise working primarily with the whole hand

3

or hands." (Joint Stipulation at 7-8.) Applying these definitions to the DOT descriptions for the jobs identified by the vocational expert, Plaintiff argues that in order to work as a hand packager and cleaner he would have to frequently use his arms to reach in all directions, including over his shoulders, and to perform the job of toy assembler he would constantly need to use his arms to reach in all directions, including over his shoulders. (Joint Stipulation at 8.) Plaintiff further contends that the ALJ erred in relying on the vocational expert's testimony that Plaintiff could perform these jobs despite his limitations because that testimony was plainly in conflict with the DOT descriptions for these jobs and the vocational expert never explained the justification for departing from the DOT, as he was required to do under SSR 00-4p and *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007). (Joint Stipulation at 9-13.) For the following reasons, the Court disagrees.

First, there is no conflict between the vocational expert's testimony that Plaintiff could perform these jobs--despite his reaching limitation--and the DOT descriptions for these jobs. Although all three jobs require either "frequent" or "constant" reaching and handling, none of them require reaching or handling at or above shoulder-level. *See* DOT Nos. 323.687-014 (cleaner); 739.687-030 (toy assembler); and 559.687-074 (hand packager). In fact, the reaching descriptions contained in the DOT do not address the direction of reaching at all. Therefore, while there may be potential for conflict between the job requirements and Plaintiff's capabilities, there is no inherent conflict.

Nor does the generic description of "reaching" contained in the *Revised Handbook for Analyzing Jobs* or SSR 85-15 invariably create a

4

1  conflict.  The fact that "reaching" as a general matter can involve
2  "extending hand(s) or arm(s) in any direction" does not mean that the
3  reaching required for the jobs identified by the vocational expert in
4  this case involves reaching at or above shoulder-level.  Because the
5  nature of the particular reaching action required in the performance
6  of the jobs at issue is not specified in the DOT, the ALJ properly
7  relied on the vocational expert's testimony that Plaintiff could
8  perform the jobs in question despite the limitations on his reaching.
9  *See* SSR 85-15 ("Reaching (extending the hands and arms in any
10 direction) ... [is] required in almost all jobs.  Significant
11 limitations of reaching ... therefore, may eliminate a large number of
12 occupations a person could otherwise do.  Varying degrees of
13 limitations would have different effects, and *the assistance of a*
14 *[vocational expert] may be needed* to determine the effects of the
15 limitations")(emphasis added).  The vocational expert's testimony that
16 Plaintiff could perform these jobs did not directly conflict or
17 deviate from the DOT job descriptions and, therefore, he was not
18 required to further explain his opinion.[2]

19      Although not binding on the Court, *Carey v. Apfel*, 230 F.3d 131
20 (5th Cir. 2000), is instructive.  In *Carey*, the ALJ relied on the

---

[2] The Court does not agree with Plaintiff's argument that "the alternative work ... requires the ability to constantly and frequently reach and work with the upper extremities in all directions," or that "[t]he DOT states the occupations ... require an individual to have an ability to perform frequent or constant reaching and/or working with the upper extremities in all directions." (Joint Stipulation at 9.) Although the frequency of reaching and handling is described, the DOT does not describe how the reaching and handling is performed. Nothing about the job descriptions for these jobs suggests that a worker would be required to reach above his shoulders to perform them. Common sense would suggest that this would not be the case.

1 testimony of a vocational expert to find that the claimant, whose left
2 arm had been amputated, could perform work as a cashier or ticket
3 seller.  On appeal, the claimant argued that the expert's testimony
4 was inconsistent with the DOT because both jobs required a certain
5 level of dexterity as well as frequent handling and fingering with two
6 hands and the claimant had only one hand.  *Id*. at 146.  The court
7 first noted that there was no conflict between the vocational expert's
8 testimony and the DOT because the DOT did not state that the jobs
9 required the use of two hands.  *Id*.  The court further noted that the
10 claimant's counsel had had the opportunity to object to the vocational
11 expert's testimony that the claimant could perform the jobs with one
12 hand or to cross-examine him on the issue and chose not to.  *Id.*  The
13 court concluded that the ALJ properly relied on the expert's
14 testimony.  *Id.*
15      In the case at bar, the vocational expert testified that
16 Plaintiff could perform the jobs, despite being told by the ALJ that
17 Plaintiff could not reach above his shoulder.  (AR 458-63.)
18 Plaintiff's counsel did not object to this testimony or cross-examine
19 the expert on this alleged conflict.  It seems a little late to raise
20 the issue now.
21      In any case, the Court finds that the ALJ properly met his
22 obligations under SSR 00-4p and *Massachi*.  In *Massachi*, the Ninth
23 Circuit held that an ALJ may not rely on a vocational expert's
24 testimony regarding the requirements of a particular job "without
25 first inquiring whether the testimony conflicts with the [DOT]."  486
26 F.3d at 1152.  Here, the ALJ specifically instructed the vocational
27 expert to point out if his testimony conflicted with the DOT.  (AR
28 456.)  The expert did not report any conflict.  Thus, the ALJ met his

obligations under SSR 00-4p and *Massachi*. Plaintiff seems to suggest that the ALJ was required to ask the vocational expert a second time about any conflict. Plaintiff does not explain why, and the Court has not found any authority requiring the ALJ to do so.

In the end, the Court concludes that the vocational expert's testimony that Plaintiff could perform other work existing in the economy constituted substantial evidence. The ALJ did not err in relying on that testimony.[3] For these reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED:   June  25 , 2008.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\RODRIGUEZ, G 2152\Memo_Opinion.wpd

---

[3] Plaintiff also contends that the ALJ erred in relying on the vocational expert's testimony that Plaintiff could work as a toy assembler, which requires "constant" use of depth perception, (Joint Stipulation at 10, n.7), because the ALJ had precluded work requiring "good" depth perception in his hypothetical question. (AR 461.) Even assuming, without deciding, that the ALJ erred here, any error was harmless given that substantial evidence supports his finding that Plaintiff could perform the other two jobs set forth above, and there was a sufficient number of these jobs in the economy to conclude that Plaintiff could work.